# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DANIEL G.,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 18-01731-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Daniel G. ("Plaintiff") appeals from Social Security Commissioner's final decision rejecting his application for Social Security disability insurance benefits ("DIB").[1] For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings consistent with this opinion.

## I.
## BACKGROUND

Plaintiff was found disabled beginning on March 21, 2010. See Administrative Record ("AR") 159. The Social Security Administration

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

reviewed whether Plaintiff continued to be disabled and determined that, as of August 2014, Plaintiff was no longer disabled. See AR 170. Plaintiff sought review of this decision from an ALJ. After a hearing in February 2018, the ALJ concluded that Plaintiff had the severe impairments of major depressive disorder without psychotic features; bipolar disorder; and unspecified anxiety disorder. See AR 12. The ALJ concluded Plaintiff had shown medical improvement as of August 1, 2014. See AR 14. The ALJ also concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. See AR 12-14. The ALJ then determined that the Plaintiff's residual functional capacity ("RFC") required no exertional limitations but Plaintiff was limited to unskilled work, could not do high-quota, production-rate pace work, could only occasionally interact with coworkers and supervisors and could have no interaction with the public, and could only have occasional changes in work setting. See AR 15. The ALJ concluded that Plaintiff was not disabled because although he could not return to his past work, there was work available in the national economy which he could do despite his limitations. See AR 22-23. This action followed. See Dkt. 1.

## II.

## DISCUSSION

The parties dispute whether the ALJ properly: (1) determined Plaintiff had medical improvement; (2) gave little weight to the opinion of Dr. Daniel Padua III; and (3) considered Plaintiff's subjective symptom testimony. See Dkt. 28, Joint Submission ("JS") at 3.[2] Because the Court finds that the ALJ committed legal error when he determined Plaintiff showed medical

---

[2] All citations to the JS are to the CM/ECF pagination. All citations to the AR are to the record pagination.

improvement, it does not consider whether the ALJ properly gave little weight to Dr. Padua's opinion or properly considered Plaintiff's subjective symptom testimony.

    The ALJ addressed medical improvement in a single paragraph:

> The medical evidence supports a finding that, by August 1, 2014, there had been a decrease in medical severity of the impairments present at the time of the CPD. The impartial medical expert, the State agency psychiatric consultants, and the psychiatric consultative examiner all unanimously opined the claimant does not have disabling mental health impairments after August 1, 2014. (Hearing Testimony; 3F; 4F; 5F; 8F; 9F; 18F). The medical records indicate the claimant's treatment was fairly helpful in managing his symptoms. (12F; 13F). Additionally, objective mental status examinations do not support [] a more limiting residual functional capacity than that found as of August 1, 2014. (6F/5; 7F/5; 10F/7, 8, 9, 11; 13F/4-5, 7, 10, 11, 14, 17, 18, 20, 21, 22-23, 24, 25-26).

AR 14. None of the evidence cited by the ALJ—indeed none of the medical evidence in the record—was considered in the prior determination; all the record evidence is dated after that 2010 determination. See AR 28-29. The earliest record is dated May 11, 2013. See AR 28.

    The regulations require the ALJ to compare the prior and current medical evidence. See 20 C.F.R. § 404.1594(b)(7) ("For purposes of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time."). Under similar circumstances, at least one judge in this district has held that "it

is error for an ALJ to neither examine nor include in the administrative record evidence from the time a claimant was originally found disabled." Newmiller v. Colvin, No. 15-0139, 2016 WL 3034670, at *3 (C.D. Cal. May 27, 2016) (collecting cases). The Court agrees. Moreover, it is the ALJ's specific and affirmative duty to compare the prior medical evidence to the current medical findings. See id. at *4. Contrary to the Commissioner's arguments, that duty cannot be discharged by relying on a Disability Hearing Officer's summary, as the ALJ did here. See id.; see also Marcelin v. Berryhill, No. 16-14075, 2017 WL 3981155, at *5 (E.D. La. Aug. 15, 2017) ("[A]n ALJ is not allowed to rely solely on a DHO's summary of the medical evidence that was extant at the time of a prior finding of disability in making his medical-improvement determination.").

By not comparing the current findings to the prior medical evidence, the ALJ erred. Remand is warranted on this basis.

## III.
## CONCLUSION

The decision of the Social Security Commissioner is reversed and this case is remanded.

Date: December 19, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge